UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

NATHAN LAMONT KING, JR.,

Plaintiff,

v.

ADAM OGLE, et al.,

Defendants.

CIVIL ACTION NO. 1:25-CV-01252

(SAPORITO, J.)
(LATELLA, M.J)

## ORDER

Now before the court is a report and recommendation of United States Magistrate Judge Leo A. Latella, in which he recommends that the plaintiff's petition for writ of habeas corpus (Doc. 1) be dismissed without prejudice. (Doc. 12).

The plaintiff is currently pending trial in York County on criminal charges and asserts that he was arrested for a probation violation out of Dauphin County. (Doc. 12, at 2) (citing Doc. 1, at 3–4). In his report and recommendation, Judge Latella notes that the plaintiff seemingly brings forth his petition to challenge the validity of his probation in Dauphin County, arguing that a valid probation agreement does not exist. (*Id.*, at 3). But upon review of the plaintiff's petition, Judge Latella finds that the plaintiff has failed to exhaust the prerequisite state remedies

necessary to file a petition for writ of habeas corpus in federal court. Moreover, Judge Latella also finds that the *Younger* abstention doctrine also applies to the plaintiff's petition.[1] Therefore, Judge Latella recommends that the plaintiff's writ of habeas corpus be dismissed without prejudice.

No timely objections have been filed to the report and recommendation, resulting in the forfeiture of de novo review by this court. *See Nara v. Frank*, 488 F.3d 187, 194 (3d Cir. 2007); *Henderson v. Carlson*, 812 F.2d 874, 878–79 (3d Cir. 1987).

Following an independent review of the report and the record, and having afforded "reasoned consideration" to the uncontested portions of the report, *E.E.O.C. v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017), we are satisfied "that there is no clear error on the face of the record," Fed. R. Civ. P. 72(b) advisory committee note to 1983 amendment. We find Judge Latella's analysis to be well-reasoned and fully supported by the record and applicable law. Accordingly, the court will adopt the report

---

[1] The *Younger* abstention doctrine is "a legal doctrine granting federal courts discretion to abstain from exercising jurisdiction over a claim when resolution of that claim would interfere with an ongoing state proceeding." *Kendall v. Russell*, 572 F.3d 126, 130 (3d Cir. 2009) (citing *Younger v. Harris*, 401 U.S. 37, 41 (1971)).

and recommendation in its entirety as the decision of the court.

Accordingly, **IT IS HEREBY ORDERED THAT**:

1. The report and recommendation of Judge Latella (Doc. 12) is **ADOPTED**; and

2. The plaintiff's writ of habeas corpus (Doc. 1) is **DISMISSED without prejudice**.

3. The Clerk shall close the case.

Dated: February 27, 2026          *s/Joseph F. Saporito, Jr.*
                                  JOSEPH F. SAPORITO, JR.
                                  United States District Judge